IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNY DREW SAYRE,**

        Petitioner,

v.                                                       **Civil Action No. 5:08cv88**
                                                       **(Judge Stamp)**

**TERESA WAID, Warden,**

        Respondent.

**ORDER CONSTRUING § 2241 HABEAS PETITION AS § 2254
HABEAS ACTION AND DENYING PETITION AS SUCCESSIVE**

On April 16, 2008, the *pro se* petitioner initiated this case pursuant to an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. In the petition, the petitioner makes several claims with regard to the legality of a conviction and sentence imposed in the Circuit Court of Harrison County, West Virginia. The undersigned notes that this is not the first time the petitioner has challenged this particular conviction and sentence on these grounds. This is now the sixth time the petitioner has sought federal habeas relief in this court. On March 31, 2003, the petitioner's first federal habeas petition was denied on the merits and dismissed with prejudice. See 1:02cv41. The petitioner's subsequent habeas petitions were all denied as successive. See 1:04cv172, 1:04cv246, 5:05cv183 and 1:07cv61. Even though the petitioner files the instant petition as a § 2241 action, it is inescapable that the instant case is yet another successive § 2254 petition.

Because *pro se* petitioners are held to a less stringent standard than those drafted by attorneys, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), a federal district court is required to construe *pro se* petitions liberally. See Haines v. Kerner, 404 U.S. 519 (1972). Thus,

a *pro se* petition should be liberally construed to allow the development of potentially meritorious claims. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Here, the petitioner is in custody pursuant to a state court judgment and seeks to attack his state court conviction under 28 U.S.C. § 2241. However, § 2241 is merely a general grant of habeas corpus authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Section 2254, on the other hand, was specifically created by Congress "as the method for state prisoners to overturn or attack their state court convictions." See Sabb v. South Carolina, 2008 WL 701387 (D.S.C. March 13, 2008) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Accordingly, a habeas petition filed by a state prisoner is subject to both § 2241 and § 2254. Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). However, the canons of statutory construction provide that a more specific statute takes precedence over a more general statute. Medberry v. Crosby, 351 F.3d at 1060. Therefore, a state prisoner seeking habeas corpus relief on his state court judgment, is subject to the filing restrictions set forth in § 2254. Id. at 1064.

In this case, the petitioner is clearly attacking the validity of his state court conviction. Thus, although this Court has the general authority to grant habeas relief under § 2241, the petition should have been brought pursuant to § 2254 and the petitioner should not be allowed to escape the filing restrictions of § 2254 just by labeling this case as a § 2241 action.[1] Consequently, it is recommended that the instant petition be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Furthermore, as noted in the orders denying the petitioner's prior federal habeas petitions, Title 28 U.S.C. § 2244 (b) provides that:

> (b)(1) A claim presented in a second or successive habeas corpus

---

[1] Section 2241 does not have a one-year time limitation or an explicit statutory ban on successive filings like § 2254.

> application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Here, the petitioner has filed numerous § 2254 petitions in this Court challenging the same conviction and sentence at issue in the instant case, and on the same grounds. The petitioner's first federal habeas petition was considered on the merits and denied. All of the petitioner's subsequent petitions have been dismissed as successive. Therefore, the petitioner's claims in this case are both abusive and repetitive, and because the petitioner has not obtained authorization to file a second or successive federal habeas petition from the Fourth Circuit Court of Appeals, this Court is without authority to hear this case. See United States v. Winestock, 340 F.3d 200, 2005 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."); see also Griffin v. United States Parole Comm., 2003 WL 23961840 (E.D.Va. Nov. 19, 2003) (citing 28 U.S.C. § 2244(a) and McClesky v. Zant, 499 U.S. 467, 489 (1991)) ("the abuse of the writ doctrine generally precludes inmates from relitigating the same issues in subsequent [habeas] applications, or from raising new issues in subsequent habeas

petitions").² For the foregoing reasons, it is recommended that the petitioner's § 2241 petition be **CONSTRUED** as a § 2254 petition and thereafter be **DENIED** and **DISMISSED with prejudice** as successive.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 18, 2008.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

² The undersigned can find no better example for the application of the abuse of the writ doctrine than this petitioner.