IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENNY DREW SAYRE,

  Petitioner,

v.           Civil Action No. 5:08CV88
               (STAMP)
TERESA WAID,

  Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DENYING AS MOOT PETITIONER'S MOTION
FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

I. Background

  The pro se[1] petitioner, Kenny Drew Sayre, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the legality of a conviction and sentence imposed by the Circuit Court of Harrison County, West Virginia. The petitioner also filed a motion to proceed as pauper.

  This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation. On April 18, 2008, Magistrate Judge Kaull issued a report and recommendation recommending that the petitioner's § 2241 habeas corpus petition be construed as a § 2254 petition and denied and dismissed with prejudice. Specifically, the magistrate judge found that because this is the sixth time the petitioner has sought federal habeas

---

  [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

relief,[2] the petitioner's § 2254 petition should be dismissed as a successive petition. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety, and that the petitioner's application to proceed in forma pauperis should be denied as moot.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the petitioner has filed objections, this Court will undertake a de novo review as to

---

[2]On March 31, 2003, the petitioner's first federal habeas petition was denied on the merits and dismissed with prejudice. See Civil Action No. 1:02CV41. Thereafter, the petitioner's subsequent habeas petitions were all denied as successive. See Civil Action Nos. 1:04CV172; 1:04CV246; 5:05CV183; and 1:07CV61.

those portions of the report and recommendation to which objections were made.

### III. <u>Discussion</u>

As an initial matter, this Court agrees with the magistrate judge that although the petitioner filed the petition currently before this Court as a § 2241 action, because the petitioner, in his petition, is making several claims regarding the legality of his conviction and sentence, this petition must be construed as a § 2254 petition. Accordingly, this Court's memorandum opinion and order proceeds under the applicable analysis.

Title 28, United States Code, Section 2244(b) provides that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

Here, the petitioner has filed five previous § 2254 petitions in this Court. As noted in the petitioner's prior case, his first § 2254 motion was dismissed on the merits and bars a subsequent motion without leave of the United States Court of Appeals for the Fourth Circuit. As the petitioner has been denied authorization from the Fourth Circuit to file a successive § 2254 petition, this Court is without authority to hear this § 2254 motion. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Accordingly, pursuant to 28 U.S.C. § 2244, this Court is without authority to hear the above-styled civil action, the petitioner's sixth federal habeas petition. Thus, the petitioner's objections to the magistrate judge's report and recommendation are overruled, and his § 2254 petition is denied and dismissed with prejudice.

Finally, in light of the dismissal of the petitioner's § 2254 petition, the petitioner's motion to proceed as pauper should also be dismissed as moot.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper, and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's

4

§ 2241 petition is CONSTRUED as a § 2254 petition and DENIED WITH PREJUDICE. Furthermore, the plaintiff's motion for leave to proceed in forma pauperis is DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: March 4, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE